## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT , PENNSYLVANIA

| | | |
|---|---|---|
| Roger Shekar , | ) | |
| Pushpa Shekar, | ) | |
| Plaintiffs, | ) | |
| | ) | **TWELVE PERSON JURY DEMAND** |
| | ) | **DAMAGES CLAIMED:** |
| v. | ) | **100 MILLION DOLLARS** |
| | ) | **PUNITIVE DAMAGES** |
| SELENE  FINANCE L.P. | ) | **500 MILLION DOLLARS** |
| OCWEN LOAN SERVICING, | ) | |
| SELENE  HOLDINGS LLC, | ) | |
| PRETIUM PARTNERS, LLC, | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| ALTISOURCE LLC, | ) | |
| OCWEN  FINANCIAL  CORPORATION, | ) | |
| KATIE BREWER, as an individual, | ) | |
| IMELDA AVALOS, as an individual, | ) | |
| GLENN MESSINA, as an individual, | ) | |
| WILLIAM SHEPRO, as an individual, | ) | |
| M ICHELLE  ESTERMAN, as an individual, | ) | |
| DONALD MULLEN, | ) | |
| JOSEPH DAVILA,  as an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiffs , Roger Shekar and Pushpa Shekar ("Plaintiffs" ) sue the

Defendants  Selene Finance L.P , and its *pseudo, alter ego* entities  Selene  Holdings LLC,

Pretium Partners, LLC,  PHH Mortgage Corporation, Altisource LLC, Ocwen  Financial

Corporation, and sue the individual Defendants  Davila, Esterman, Shepro, Messina, Brewer,

Avalos . Donald Mullen, (hereinafter " Defendants Defendants") and  seek punitive damages

against individual Defendants for FIVE HUNDRED MILLION DOLLARS collectively; and

Compensatory , Consequential  damages of FIFTY Million dollars against defendant  Selene

Finance L.P. and its alter ego d/b/a entities.

## JURISDICTION

Defendant Selene Finance L.P. is located in Montgomery County, Pennsylvania and rest of the *alter ego* entities conduct business in Pennsylvania and; individual Defendants resided in and around Montgomery county, and other places in Pennsylvania with multiple residences. In Pennsylvania, Florida, Texas.. Plaintiffs  are  Illinois citizens.. There is diversity of  citizenship to invoke this Federal Court jurisdiction.

### A.    BACKGROUND FACTS SUPPORTING CAUSES OF ACTION

This is a civil action filed by the  Plaintiffs  seeking Judgment for Compensatory, Consequential, Punitive damages , Permanent Injunction   against the  Selene Defendants; Punitive damages against individual Defendants Joseph Davila, Glen Messina, Michelle Esterman,  William Shepro, Imelda Avalos, Katie Brewer.

The   Plaintiffs  seek damages in excess of **50 Million dollars** against the  Selene defendants as  per the factual pleadings in the claims sated here , and seek compensatory, consequential and punitive damages  for :

- Breach of contract ;
- Federal  Fair Credit Report Act;
- multiple counts of Mortgage Fraud ;
- Financial crimes
- Statutory Fraud
- Damages for theft by conversion which include abuse , felony theft by conversion, diversion of   Plaintiffs mortgage payment;
- illegal invocation of mortgage acceleration clause;
- Defamation , Defamation *perse;*

- defamation and slander of Title of real property ;

- Claims under FACTA, FCRA, TILA - defamation and slander of Plaintiffs credit scores;

- violations of the Federal Fair Debt Collection Practices Act

- False consumer report;

- violations under Federal  Consumer Fraud and Deceptive Practices Act

- Class X Felony crimes of threats, intimidation by breaking the Plaintiffs house door lock

- Corporate malfeasance and embezzlement;

- intentional infliction of emotional distress;

- intentional   infliction of  mental anguish;

- Tortuous interference with Plaintiffs home insurance  carrier  with a vicious, malicious, deliberate  misrepresentation as to the status of occupancy of Plaintiffs home with defamatory  propaganda  that the Plaintiffs property was  vacant / abandoned to induce extort cancelation the Plaintiffs' home insurance policy;

- stalking, harassment, extortion including Class X Felony vandalism of the Plaintiffs'  property ; threats to the safety of the   Plaintiffs and their children.

## B.    <u>CAUSES OF ACTION</u>

1.   Plaintiffs  repeat  and restate Background Facts  as if fully stated herein.

2.  Plaintiffs discovered that  the defendants  have been abusing Plaintiffs' escrow tax account, violated fiduciary duty by not timely remitting taxes to the Cook County treasurer which

triggered late fees by the Treasurer; not paid the hazard insurance premium from escrow which triggered cancelation of home policy.

3. Plaintiffs discovered that the defendants have been mishandling the escrow funds including not paying the taxes timely in spite of the fact the Plaintiffs had contributed such escrow taxes in his timely monthly mortgage payments for over 17 years - which included principal, interest and *escrowed tax dollars* amortized over 12 months and to disburse those escrow funds Cook county a responsibility of the Defendants.

4. In spite of the fact that the escrow tax dollars in DEFENDANTS control, DEFENDANTS failed to disburse the escrow taxes timely.

5. Plaintiffs discovered the late disbursements of escrowed tax dollars to the County government for no reason, which triggered late fees, but deliberately avoided stating reasons for late fees in August 2016 statement.

6. The said late fees assessed by Cook County treasurer was passed onto Plaintiffs by to pay those late fees, even though the lateness or tardiness of not made the tax payments was solely due to abuse of escrow taxes and failed to pay by due date to the county.

7. Additionally, Defendants defaulted in not paying the hazard insurance premium in escrow account which resulted in cancelation of home policy.

8. Owing to the absues and misconduct conduct of as stated here for many years , Plaintiffs demanded defendants to close the escrow account and to convert his mortgage account as "non-escrowed/de-escrowed" , meaning taxes , insurance will not be included in monthly mortgage payments . The escrow account is opted only as a convenience when Plaintiffs bought the home and not a mandatory requirement when Plaintiffs put 20% down payment to the mortgage.

9.  It was agreed in writing - deemed as **Mortgage Modification Agreement Contract** (MMC) See **Exhibit 1** confirming that  defendants  had closed the escrow account; Plaintiffs would pay only principal and interest every month , which is to be applied entirely towards the outstanding balance of his mortgage; prohibited from   to allocate, divert any payments made by Plaintiffs for any   non-existed escrow  account ; or create any new escrow account .

10.  The agreement referenced   (Ex.1)   became the ***controlling document*** of the loan agreement to govern as to escrow account   and the scope and extent for which monthly payments are to be made  which is Principal and interest per the MMC

11.  Pursuant to the MMC agreement entered as stated in   paragraph 26  between Plaintiffs  and DEFENDANTS , and as an ***evidence of performance  of the contract***  per Exhibit 1, the monthly statements coming out from  defendants  reflected   principal and interest only  due and the payments applied as such as shown in **Exhibits 2 and 3**

12. Despite having an agreement in place on how monthly mortgage payments were to be allocated,  defendants  starting January of 2017 onwards, <u>within three months of the agreement</u> ***breached*** <u>the  contract</u> by diverting the payments by creating an unauthorized escrow account **Exhibit 4** ; engaged in <u>numerous  illegal activities and abuses on the account ;</u>  committed  **fraud in not applying the Principal and interest payments towards the mortgage for several years** ; committed financial crimes;  abused  Plaintiffs monthly payments ; indulged in unconscionable, deceptive and unfair practices and committed Multiple Mortgage Servicing Misconduct , which include -Abuse of Plaintiffs payments; "theft by conversion" ; Engaged in Other Unlawful Threats of Foreclosure ; Fabricated Inaccurate  Statements; Illegally converted, Diverted, Mismanaged Plaintiffs Principal and Interest payments; Defrauded the legitimate monthly payments made timely every month  in

compliance with agreement (Exhibit 1)   and started "characterizing" principal and interest payments into a "partial payment", "short payment" , "under payment"  and  assessed late fees .  In essence, the defendants BREACHED THE CONTRACT.

13. As additional fraud and abuse and breach of loan agreement ,   the monthly payments towards  the  principal and called the payments  "  unapplied funds" after creating a ghost "suspense account ."

14.  In continuation of the abuses and harassment  by defendants  despite fully aware of the fact that Plaintiffs paid the annual premium directly to his insurance carrier,  defendants tortuously interfered with the business relationship between the Plaintiffs and his insurance company .

15. Defendants   maliciously misrepresented to the insurance company that Plaintiffs  home was 'vacant' and that nobody was living at the property , whereas defendants knew the Plaintiff's continue to receive statements ;  continue to remit monthly statements ; and continue to accept monthly payments received by  the defendants which are diverted, stolen, converted. In addition the defendants knew there is a certificate of insurance on file, sent to the defendants  by the carrier as a protocol by the  carrier.

16. Defendants viciously intend the above despicable act to extort  the Plaintiffs to buy insurance from their own *alter ego*  sham entity defendant Altisource at FOUR TIMES  the premium in the name of " Lender placed  insurance."

17.  The pattern of mortgage fraud; diversion of payments  committed by the defendants to numerous homeowners  triggered  law suits  from entire FIFTY  States Attorney general in America, law suit by Consumer Financial Protection Bureau ; Florida Attorney General law suit; cease & desist order prohibiting defendants from doing  business.

18. The **Group Exhibits X** referred as "rap sheet" will inform this Court   in more details as to the notorious white collar criminals- Selene defendants .

19.  Defendants  refused to correct  the mortgage statements and apply the monthly payments  as agreed in MMC,(Ex.1) ;   Instead,  defendants  continued to call the legitimate principal and interest payments made by Plaintiffs  as "partial payments" and also continue to assess late fees; continue to not credit the  payments towards the Principal and interest ..

20.  After defendants breached the contract  and falsely accused Plaintiffs of late payments , "short payments" , made false reporting to consumer  credit bureaus  even though principal and interest payments were being made timely by the Plaintiffs , consistent with the MMC Exhibit 1

21. It is Plaintiffs'  contention that said late fees and false accusations as to "short payments" were done in a threatening and harassing manner as a *prelude* to fabricate a default, delinquency and threats of foreclosure like the white collar criminal  defendants  have done to numerous homeowners who fell a victim. (  Gr.Ex.X)

22. Because of these actions, Plaintiffs' credit rating was irreparably damaged, and his FICO score dropped from excellent score  875 to 741 down to poor or 535 within a period of twelve months.

23. Despite Plaintiffs continue to make the principal and interest payments , defendants started sending harassing notices to Plaintiffs  falsely accusing of default, falsely claimed  that the Plaintiffs'  mortgage account  in delinquent status, and, threatened Plaintiffs with foreclosure, when the plaintiffs diligently, timely continue to make monthly payments as agreed in MMC - Exhibit 2 and 3 ; when Plaintiffs not in any breach of the note; whereas  defendants breached the contract -MMC -Exhibits 1 and 4

24. The illegal conduct and tortious acts by the defendants as described here are deliberate, wanton and sheer financial greed by the defendant white collar criminals.

25. Plaintiffs are subjected to enormous stress , duress, emotional anguish due to defendants' unlawful acts and unlawful conduct.

26. The defendants continued to breach the agreement MMC made per Exhibit 1; continue to de-fraud the plaintiffs by not applying the payments to the principal, later stopped sending monthly statements; payments of principal and intertest continue to be paid by the Plaintiffs despite no statements received, were returned to set up for false , bad faith foreclosure; run with the equity.

### C.    SELENE DEFENDANTS "RAP SHEET" AS TO PRIOR MORTGAGE ESCROW ACCOUNT ABUSES ; ATTORNEY GENERALS LAW SUITS AND REGULATORY ACTIONS

27. Despite multiple lawsuits and regulatory actions ; law suits by FIFTY States Attorneys Generals , State regulators, and Federal agencies, Federal Consumer Financial Protection Bureau, - the DEFENDANTS - continue to violate federal and state laws and industry standards ; continue to indulge in Fraudulent mortgage operations. See **Group Exhibit X** .

28. As a result of defendants fraud, Plaintiffs has suffered financial injury, and has been placed at imminent risk of losing his home for no default, no breach by the Plaintiffs of his mortgage agreement.

29. This pattern of escrow mismanagement and abuse has triggered hundreds of law suits including Class Action law suits, law suits by all the Attorney Generals in entire America who sued the Selene defendants.

30. In  April, 2017, Florida Attorney General had filed suit in Federal court in  Florida, case no: 9:17-cv-80496 against the  for the abuses stated as in above paragraphs  for  continue to **defraud and abuse escrow accounts** of multiple millions of consumers and Home owners .

31. A class action is filed  by Michigan home owners against  and is pending in Michigan Federal court . The suit claims  **failed to credit borrowers' payments; mismanagement of escrow accounts ; illegal foreclosures; fraud et .**

32. Michigan is one amongst many State  regulators to target  Financial over mishandled mortgages https://www.crainsdetroit.com/article/20170421/NEWS/170429976/michigan-among-regulators-to-target--financial-over-mishandled

33. A class action law suit against  is pending in Cook county for continued abuses by defendants  - nationwide.  Judgement in favor of Plaintiff in *Parra v. Ocwen  Loan Servicing LLC,* Case No. 2018--CH-09242, ILND Federal District court; several law suits pending in the Circuit Court of Cook County, Illinois;  Defendants are  **barred from doing any business  in 28  States.**

34.  The Illinois Department of  Financial and Professional Regulations issued a "Cease & Desist" order against  , prohibiting  from writing  or servicing new loans. See  Group Exhibit X

35. In January 2017, the United States Inspector General for the Asset Relief Program released a report stating that  PHH/Ocwen, now Selene  have ***one of the worst track record  in foreclosure mitigation***. The report includes a finding that in a sampling of loans tested,  had wrongfully terminated borrowers from HAMP loan modifications in 2016. The report cited for improperly **holding borrower payments in expense accounts**, **improperly reversing and reapplying payments,** and *mishandling escrow accounts, abuses of foreclosure laws and regulations*.

36. Attached in Gr.Ex.X  Case no: 9:17-cv-80496 , law suit filed by Florida Attorney General

    law suit filed by Consumer Financial Protection Bureau   which will throw more light as to

    defendants' "business model" built  on **fraud, deception and extortion**".

37. Illinois Attorney General Lisa Madigan drafted a settlement agreement in 2014 which require

    **not to engage  in  mortgage  and foreclosure abuses;  not immune  from criminal**

    **prosecution**, refund the  interest monies earned from escrow tax dollars as principal

    reduction to home owners. See **Exhibit 5 -**Attorney General Lisa Madigan settlement letter

38. The defendants  breached the settlement agreement ( Ex.4)  anyway, which resulted in

    Florida Attorney General law suit in 2017, cited above .

39. During a multi-state examination of  defendants - the Florida Office of Regulation identified

    **compliance violations of both federal and state law** under Section 494.00255(1)(m),

    Florida Statutes

40.  Additionally, several state regulators fined  defendants for its use **of unlicensed business**

    **entities in the Philippines and India to service its mortgage portfolio**.  Defendants

    maintains an affiliate named  Business Solutions, Inc. ("OBS") in the Philippines. OBS

    engaged in **unlicensed mortgage servicing activity.**

41.  Since 2014, the Florida Attorney General has engaged  on numerous occasions to discuss

    grave concerns regarding the serious and troubling issues arising from regulatory exams,

    various settlements, and consumer complaints against the  defendants..

42.  Defendants' 's ability to acquire mortgage servicing rights ("MSR(s)") on additional New

    York loans and the California Division of Business Oversight ("CADBO") placed a similar

    MSR ban in January of 2015.   These bans were put in place due to misconduct identified by

    those  regulators and a perception that *could not be trusted to  service mortgage loans.*

43. Nonetheless, defendants' mortgage servicing misconduct , abuses continued, continuing as of date..

44. None  of the law suits  by the attorney generals, regulatory actions  ever *deterred* the defendants   white collar criminals; continue their abuses of Homeowners' monies  and conducted 'business as usual''   and continue to  abuse   home owners escrow accounts and payments, as a pattern of deceptive, fraudulent business practices , a business model designed to defraud homeowners .

45. Defendants  swindled interest monies invested from homeowners escrow tax dollars. The previous CEO of defendant  , a criminal mastermind who devised a plan to "seize and steal the equity"  of the homeowners through false foreclosure abuses, , and who bought an island in Bahamas,  served  time in Federal Prison for felony financial crimes  and mortgage , escrow, foreclosure abuses.

46. The law suits by Fifty Sate Attorney Generals; Florida Attorney General ;   and  CFPB claims proved that the defendants :

- Have  engaged  in  <span style="color:red">Mortgage  Servicing  misconduct</span>;

- <span style="color:red">•</span>  Have Illegally Foreclosed on Borrowers and Engaged in Other <span style="color:red">Unlawful Foreclosure and Loss Mitigation Practices</span>

- <span style="color:red">•</span>   Have Mismanaged **<span style="color:red">Borrowers' Escrow Accounts</span>**

- The  <span style="color:red">Have Mishandled Borrowers' Hazard Insurance</span> [1]

- Have engaged in <span style="color:red">Escrow Account Related Violations</span> of RESPA and Regulation X Section 6(g) of RESPA, 12 U.S.C. § 2605(g)

## COUNT I

### BREACH OF CONTRACT

47. Plaintiffs adopts and incorporates Background Facts ; paragraphs 1- 46 as  fully set forth herein.

48.  Defendant Selene  - at some point of  time in 2024 , became the mortgagee of  Plaintiffs  . with NO NOTICE to Plaintiffs mortgagors as such "change of hands" of the mortgage as required under the law.

49. The Defendants violated the Federal and State laws in not informing the  change in mortgage servicing company .

50. Additionally , after breached the contract per Exhibit 1 -MMC- defendants  illegally invoked "mortgage acceleration  clause" when they are barred  when mortgagee breached the contract; This abuse  and illegal act is intended to appease white collar criminal Selene defendants corporate greed and enhance  their pecuniary interests and to  demand more than double the outstanding mortgage balance.

51. **In sum**:

- Since  September 23, 2016  Plaintiffs account is non-escrowed; Exhibit 1

- Defendants breached the contract ; illegally opened a " suspense *shadow* account a/k/a "escrow account " in violation and confirmation of breach of MMC    and illegally started diverting the Principal and  interest payments to this "ghost" suspense account ;

- Thereafter Fabricated a false , bogus "partial  payment" "under payment" story in statements;

- Thereafter , falsely reported to credit bureaus as late payments  by  placing  false, incriminating, detrimental  data as to Plaintiffs payment history; slandered the credit score and brought down FICO score to poorest 535 from excellent FICO score of 875 within a matter of  twelve months;

- Thereafter,  fabricated a bogus default in payment story;

- Thereafter,  fabricated a bogus delinquency status;

- Thereafter, indulged in and continue to indulge in fraudulent conduct in order to "fabricate and create a false foreclosure"

**WHEREFORE**, Plaintiffs seek money damages in excess of **TEN** MILLION DOLLARS be entered in favor of the Plaintiffs , against the Selene defendants - Salene Financing L.P.; Selene Holdings L.P; Pretium Partners LLC; Ocwen Loan servicing LLC ; Altisource LLC , Ocwen Financial Corporation , PHH Mortgage corporation, plus attorney fees and costs and such other relief as the court deems proper and just.


## COUNT II

### <u>VIOLATIONS OF FEDERAL FAIR AND ACCURATE CREDIT REPORT ACT</u>
**FACTA ; FCRA**

52. Plaintiffs adopts and incorporates Background Facts ; paragraphs 1- 51 of **Count I** of this Complaint as fully set forth herein.

" *Unfair methods or deceptive acts or practices, including but not limited to ...... deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.*"

53. Defendants' illegal creation of the "escrow account" to "fabricate" a default , delinquency , short payments, under payments after committed theft by conversion of the monthly principal and interest payments, assessing illegitimate "late" fees when payments were paid in full as agreed in MMC -Ex.1;paym,enst made timely and not late was a deceptive act or practice by the defendants - under Federal FACTA, FCRA as well as under the Illinois Consumer Fraud and Deceptive Business Practices Act (hereafter "ICFA"), 815 ILCS 505/1, et. seq.

54. Defendants intended Plaintiffs to rely on the *deception* by fabricating false and inaccurate mortgage statements and defrauded the Plaintiffs as not in compliance with the loan agreement.

55. Defendants is in the business of servicing loans. Plaintiffs is a mortgagor of the loan being serviced by defendants. and Plaintiffs were consequently involved in a course of conduct involving trade or commerce.

56. Plaintiffs suffered damages by defendants false reporting to credit bureaus that Plaintiffs being in default of their mortgage payments and thus caused Plaintiffs' credit score to be damaged by over 300 points , with lowered FICO Score from 875 down to a poor, derogatory score of 535.

57. Defendants violated violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by using fraud, deception, and misrepresentations in its attempts to seek late fees, inspection fees for inspection which never existed, diversion of monthly payments to an unauthorized escrow which was never agreed and in violation of MMC=Ex.1

**Deception and Unfairness :**

It is unfair for defendants not crediting the legitimate monthly payments; to assess false late fees by fabricating a "short payment" story; fraud act of slandering and harassing by lying to the insurance carrier that the home; posted stickers at the door the Plaintiff home was "vacant" and billing as 'inspection fees' for posting such fraudulent notice; harassing, intimidating and threatening Plaintiffs through a pattern of false representation as to payments due, when Plaintiffs made payments timely; stole, converted the payments of Principal and interest and defrauded the full payment of Principal & Interest payments as "partial payments"; false reporting made to credit bureaus; continuous harassing letters with false accusation as to

default in payments when no default existed;  continuous  harassing letters as to delinquency, when no delinquency existed-  all these deceptive acts attempting to *dragoon* Plaintiffs  into abandonment of property  and / or to create a forcible default by abuse of foreclosure laws when no evidence of any default by Plaintiffs in   his mortgage payments of principal and interest as agreed per MMC - Exhibit 1.

58.  Defendants intended that the Plaintiffs rely on their unfair, fraud  and deceptive acts and the Plaintiffs  if relied  on  defendants'   deceptive and unfair acts and tactics , it would be  to Plaintiffs   detriment as  defendants'' deceptive attempts  are to   force Plaintiffs  to  believe that such false statements  to be true as an extortion  effort to foreclose the   Plaintiffs' property.  Plaintiffs are forced to incur legal fees   as a result of  defendants' numerous threats, intimidation, and stalking criminal conduct.

59. Defendants *bullied* the Plaintiffs as an extortion effort with an intent to submission with perpetual unfair and deceptive conduct through lies, harassment, intimidation, and deception and fraudulently converted  the agreed principal and interest payments on the subject loan per agreement Exhibit 1, 2, 3 ; falsified as   partial payments and created a "past due balance" and fabricated a default  after  defendants  diverted, stole  the Principal and Interest funds- Exhibit 4.

60. As additional financial crime, after BREACHED THE CONTRACT (Exhibit 1 ), the defendants illegally invoked "mortgage acceleration  clause" when they are barred  as defendants  are  in breach of contract (Exhibit 1)

61. Such deceptive conduct by  the defendants   is part of a pattern and practice of criminal behavior in which defendants   routinely engages as part of its business model to falsely

represent to mortgagor that a debt is owed, when in fact it is not, and such fraud  solely to

serve  defendants  pecuniary interest.

62. Plaintiffs is ultimately forced to file a law suit due to 's deceptive and unfair conduct,

misrepresentations , harassments , refusal to accept payments for Principal and interest,

refusal to send monthly statements   and continued threats of foreclosure.

**WHEREFORE**, Plaintiffs seek money damages in excess of **TEN**  MILLION DOLLARS  be

entered in favor of  the Plaintiffs , against the Selene defendants  - Salene Financing L.P.;  Selene

Holdings L.P;  Pretium Partners LLC;  Ocwen Loan servicing LLC ; Altisource LLC , Ocwen

Financial Corporation , PHH Mortgage corporation,  plus attorney fees and costs  and such other

relief as the  court deems proper and just.

### COUNT III

### <u>VIOLATION OF FEDERAL TRUTH IN LENDING ACT;</u><br><u>MORTGAGE ESCROW ACCOUNT ACT;</u>

63. Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-62 of this Complaint as

fully set forth herein.

64.  Defendants  violated Federal Truth In Lending Act "TILA"  under Federal Fannie Mae

requirements; violated  Illinois Mortgage Escrow Account Act ILCS 910/5 (from Ch. 17,

paragraph 4905) (hereafter referred to as MEAA").

Section 5 of the ILLINOIS STATUTE  765 ILCS 910/5 reads**:**

> **" When the mortgage is reduced to 65% of its original amount by payments of the borrower… ……the mortgage lender must notify the borrower that he may terminate such escrow account or that he may elect to continue it until he requests a termination thereof, or until the mortgage is paid in full, *whichever occurs first*."**

> **Illinois State Regulation on Mortgage Escrow Accounts:** " Must permit borrower to terminate escrow account when loan balance reduced to 65% of original amount. "

65. Applying the law , per aforesaid 765 ILCS 910/5 , Plaintiffs' contend that their mortgage balance was reduced to 65% of its original amount in 2008 years before the September 23rd, 2016 agreement letter when defendants agreed to remove the escrow account ( Ex.1) on an unrelated cause of demand by Plaintiffs to close the escrow for default in payment of taxes and abuses of escrow accounts -Exhibit 1.

66. Plaintiffs never received any notifications that they are entitled, under the above referenced MEAA as to Plaintiffs no longer be required to maintain escrow , despite the act the escrow itself was opted as an option and nit required when 20% down payment made in the mortgage.

67. In fact, even after notifying through multiple E mails in since 2009 Plaintiffs demanding to close the escrow per the MEAA and to correct the monthly statements to Principal and interest only. Defendants ignored the E mail demands; refused to close escrow neither denied as to their violation of MEAA and failure to notify and disclose the MEAA. Defendants thus further breached the TILA.

68. Plaintiffs further states and alleges that defendants indulged in above wrongful acts intentionally, willfully, knowing their vicious, sadist acts would cause financial harm and injury to the plaintiffs in that defendants swindled the intertest dividends they enriched by investing Plaintiffs' escrow monies in European stocks and bonds.

69. Plaintiff seeks compensatory damages in addition to recovery of monies allocated improperly to escrow and the "financial gain" by way of interest income derived by defendants by investing Plaintiff escrow taxes in various portfolios, money markets , etc..

70. These damages are in excess of $100,000 and retroactively to be reimbursed from 2008.

**WHEREFORE,** Plaintiffs seek  damages in excess of $100,000 entered  in favor of the

Plaintiffs  and against the defendants , plus attorney fees and costs, and such other relief as  the

court deems proper  and just.

## COUNT IV

## <u>REFUND OF  INSURANCE ESCROW</u>

71. Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-70 of this Complaint as

fully set forth herein.

72. Plaintiffs paid the annual premium directly to their insurance carrier.  Defendants are fully

aware that Plaintiffs paid the insurance premium directly to the insurance carrier, as the

insurance carrier sent the proof of insurance to  the defendants.

73. Defendants deceptively withheld the refund of insurance  escrow $ 1077  but never refunded

to Plaintiffs.


**WHEREFORE,** Plaintiffs seek  damages in excess of $1077  plus interest and attorney fees  and

costs entered in favor of the Plaintiffs  , and against  the defendants  and such other relief as  the

court deems proper  and just.

## COUNT V

## <u>TORTOUS INTERFERENCE WITH   INSURANCE CARRIER</u>

74. Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-73 of this Complaint as

fully set forth herein.

75.  Defendants maliciously made false statements  to Plaintiffs insurance carrier that the

Plaintiffs property was vacant and  hence  the carrier  should not  insure the property .

76. As proximate cause of defendants' vicious conduct , Plaintiffs' insurance policy was canceled , the coverage interrupted . (See Gr.Ex X-Florida attorney general referring to this pattern of dirty practice of defendants in the footnote.)

77. As additional consequential damages due to defendants' malicious acts of rendered Plaintiffs home policy canceled, Plaintiffs suffered loss of coverage , was unable to make any claims in the interrupted period for certain personal items loss worth around $ 15000.

78. As proximate cause of defendants' abuse , misconduct , fraud, Plaintiffs incurred monetary loss and underwent hardship , enormous stress to re-instate the insurance policy and paid re-instatement fees.

79. Defendants' conduct is malicious, vicious, wanton and deliberate and is an *intentional perverted sadist act and intentional tort* in misrepresenting the insurance carrier to cancel the policy .

80. Defendants indulged in this vicious, malicious act , despite knowing fully well the insurance escrow account was closed per the agreement Exhibit 1; .Plaintiffs paid the premium to the carrier directly even before escrow account closed; knew there is certificate of insurance sent by the carrier.

81. Defendants' intentional tort actions are malicious, vicious and carried out with deliberate intent to cause emotional distress, and indulged in such acts to wantonly inflict distress, stress to the Plaintiffs and their family; in maliciously inflict emotional harm and put Plaintiffs property in danger without insurance all of which qualify for punitive damages as well..

**WHEREFORE**, Plaintiffs seek money damages in excess of **TEN** MILLION DOLLARS be entered in favor of the Plaintiffs , against the Selene defendants - Salene Financing L.P.; Selene Holdings L.P; Pretium Partners LLC; Ocwen Loan servicing LLC ; Altisource LLC , Ocwen Financial Corporation , PHH Mortgage corporation, plus attorney fees and costs and such other relief as the court deems proper and just.

**COUNT VI**

**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH</u>**

82. Plaintiffs adopts and incorporates Background Facts; paragraphs 1-81 of this Complaint as fully set forth herein.

83. Due to the abuses, causes of action listed in all counts Count I-V is and as proximate cause of defendants' conduct , Plaintiffs suffered enormous emotional distress, mental anguish, physical suffering of illness from intense stress due to repeated threats to Plaintiffs' property by the defendants.

84. Plaintiffs are both physically and economically harmed. Physically, Plaintiffs' health are adversely impacted, and suffers from emotional anxiety over threats their ancestral home caused from the BREACH of CONTRACT by the defendants; due to illegal acts, extortion tactics.

85. Economically, Plaintiffs' credit rating and FICO score IRREPARABLY AND IRREVERSIBLY DAMAGED endangering Plaintiffs' ability to refinance at much lower rate which would have saved several thousands of dollars for the Plaintiffs; to improve the credit line, obtain credit cards, loans, etc., all attributed due to defendants' perverted sadist acts ; disparaging false reporting to credit bureaus that Plaintiffs are default in payments.

86. As a proximate cause of  defendants' disparaging, slanderous conduct and planting  false data with credit bureaus , plaintiffs suffered financial harm.

87. Defendants continued to  threaten Plaintiffs with delinquency notices and false foreclosure despite Plaintiffs adhering to the agreement MMC per  Exhibit 1

**WHEREFORE**, Plaintiffs seek money damages in excess of **TWENTY** MILLION DOLLARS be entered in favor of  the Plaintiffs , against the Selene defendants  - Salene Financing L.P.; Selene  Holdings L.P; Pretium Partners LLC;  Ocwen Loan servicing LLC ; Altisource LLC , Ocwen Financial Corporation , PHH Mortgage corporation for inflicted  such mental anguish and emotional distress plus attorney fees and costs  and such other relief as the  court deems proper and just.

## COUNT VII

## DEFAMATION ; DEFAMATION PER SE ; SLANDER;  PROJECTING PLAINTIFFS IN *FALSE LIGHT* IN THE COMMUNITY

88. Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-87  of this Complaint as fully set forth herein

89. As per the **factual** pleadings (though Federal courts require only "notice pleadings"), throughout this complaint ,  it is proved here beyond  pre-ponderance doubt  that the defendants committed stalking crimes and harassment  posting Notice and stickers  at  the Plaintiffs door  to create a perception in the community and to general public , including mail man, delivery persons, etc.; that the Plaintiffs home is abandoned  and vacant , thus slandered the Plaintiffs by publishing defamatory notices;  misrepresented to the community that Plaintiffs house was to be foreclosed.

90. Defendants viciously conducted this campaign false default, delinquent and false foreclosure notices ; stalking, extortion to abandon the property like the white collar criminal Selene defendants have done to numerous homeowners including some homeowners committed suicide due to extreme duress inflicted on them by felons Selene defendants; posted "notice stickers" for the sole purpose of harassment, extortion and to defame the Plaintiffs, to extort an abandonment ; to project Plaintiffs in a 'false slight' before the community.

91. The aforesaid conduct by the defendants is a criminal scheme aimed at trying to "set-up" a false foreclosure action of Plaintiffs' home.

92. The aforesaid slanderous, harassing , sadistic and intimidating conduct by the defendants as stated in foregoing Counts is also a criminal conduct 735 ILCS 5/15-1104 which reads as follows:

> **735 ILCS 5/15-1104) (from Ch. 110, par. 15-1104)**
> **Sec. 15-1104. Wrongful Inducement of Abandonment. Any person who willfully misrepresents to the Court any fact resulting in a finding of abandonment of mortgaged real estate in connection with subsection (b) of Section 15-1603 or subsection (d) of Section 15-1706 of this Article or who threatens to injure the person or property of occupants of mortgaged real estate, or *who knowingly gives such occupants false and misleading information, or who harasses or intimidates such occupants, with the intent of inducing such occupants to abandon the mortgaged premises,* in order to obtain a finding of abandonment under subsection (b) of Section 15-1603 or subsection (d) of Section 15-1706 of this Article, shall be guilty of a Class B misdemeanor.**
> **(Source: P.A. 84-1462.)**

**WHEREFORE**, Plaintiffs seek money damages in excess of **TWENTY** MILLION DOLLARS be entered in favor of the Plaintiffs , against the Selene defendants - Salene Financing L.P.; Selene Holdings L.P; Pretium Partners LLC; Ocwen Loan servicing LLC ; Altisource LLC , Ocwen Financial Corporation , PHH Mortgage corporation for inflicted such mental anguish and emotional distress plus attorney fees and costs and such other relief as the court deems proper and just.

## COUNT VIII

## CIVIL DAMAGES FOR  CLASS X FELONY VANDALISM

93. Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-92 of this Complaint as
fully set forth herein.

94. After failed  in their  criminal attempts of felony harassment, stalking,  intimidation,  the
white collar criminal defendants dispatched criminals - ex-convicts  felons to threaten the
Plaintiffs and their property to commit Class X-Felony vandalism

95. Attached as **Exhibit A  of the  backyard fence door lock** <span style="color:red">cut and broke by the felons</span>
dispatched by the  defendant felons  who **criminally trespassed the property** into the back
yard, **attempted to break the patio door**  to cause  harm, panic, endangerment  to the
Plaintiffs and their children .

96. The felons Selene defendants  are  behind  the Class X Felony who sent the "thugs"
convicted felons and "hitmen" and are reported to FBI . The  Federal Grand Jury indictment
investigation is ongoing to have the felons and the criminals Joe Davila, Glen Messina,
William  Shepro, Michelle Esterman who acted behind the scene and criminal accomplices
to the  class X felony, and are to be indicted and arrested, prosecuted.

97. As proximate cause of the aforesaid felonies by the  defendants,  plaintiffs suffered damages .

**WHEREFORE**, Plaintiffs   seek damages in excess of **TWENTY**  MILLION DOLLARS

be entered in favor of  the Plaintiffs , against the Selene defendants  - Salene Financing L.P.;  Selene

Holdings L.P;  Pretium Partners LLC;  Ocwen Loan servicing LLC ; Altisource LLC , Ocwen

Financial Corporation , PHH Mortgage corporation for inflicted  such mental anguish and emotional

distress plus attorney fees and costs  and such other relief as the  court deems proper and just.

## COUNT IX

## SLANDER  OF THE TITLE OF THE REAL PROPERTY

98. Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-97 of this Complaint as fully set forth herein.

99. When the Plaintiffs were still making payments  as agreed  in MMC  Exhibit 1, the white collar criminals  defendants with no judicial process, with no case, no court order, listed the  plaintiffs' property  as 'foreclosure sale.'

100.    This was around the same time where plaintiffs themselves listed with a  realtor at the market value appraised .

101.    In a deliberate attempt  to *devaluate* the Plaintiffs' property , slander the title, the perverted, sadist   white collar criminals defendants,   listed at  $200,000 below the  homeowners' listed price in the illegal , false foreclosure slandered listing..

102.    Due to the white collar criminal  defendants' tortious interference in the listing and  criminal conduct of "foreclosure listing' , plaintiffs was unable to sell his home at the price listed as the prospective buyers were misrepresented   as " foreclosure" property and hence buyers could get a "steal of a deal" and ignored the Plaintiffs listing through a realtor.

103.    As proximate cause of  defendants fraudulent foreclosure listing; tortious interference to Homeowners'  listing in detriment to  sell the property at the listed price or more, the  Plaintiffs suffered damages .

**WHEREFORE**, Plaintiffs   seek damages in excess of **TWO   MILLION DOLLARS**  be entered in favor of  the Plaintiffs , against the Selene defendants  - Salene Financing L.P.;  Selene  Holdings L.P;  Pretium Partners LLC;  Ocwen Loan servicing LLC ; Altisource LLC , Ocwen Financial

Corporation , PHH Mortgage corporation   plus attorney fees and costs  and such other relief as the court deems proper and just.

**COUNT X**

**STATUTORY FRAUD IN INVOKING MORTGAGE ACCELERATION CLAUSE**

104.    Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-103  of this Complaint as fully set forth herein.

105.    As pleaded in  Count I -Breach of Contract (Exhibit 1) defendants  defrauded the monthly payments, diverted; defrauded the funds  by not applying to the Principal and thus  defendants breached the contract.

106.    Thereafter,  fraudulently *created  stories*  of short payment , late payment, under payment , non-payment by diverting and stealing the Principal and interest payments .

107.    As additional financial crime, after BREACHED THE CONTRACT (Exhibit 1 ), the defendants illegally invoked "mortgage acceleration  clause" when they are barred  when a mortgage is in breach and  fraudulently billed over $200,000 illegally invoking 'mortgage acceleration clause' and indulged in felony extortion of several thousands of dollars from the plaintiffs as ransom.


**WHEREFORE**, Plaintiffs   seek damages in excess of **TWO HUNDRED THOUSAND DOLLARS** be entered in favor of the Plaintiffs, against the Selene defendants-Salene Financing L.P.;  Selene  Holdings L.P;  Pretium Partners LLC;  Ocwen Loan servicing LLC ; Altisource LLC , Ocwen Financial Corporation , PHH Mortgage corporation   plus attorney fees and costs  and such other relief as the  court deems proper and just.

## COUNT  XI

## <u>PUNITIVE DAMAGES</u>

### <u>Against Individual Defendants</u>
**Joseph Davila, Donald Mullen, Glen Messina, William Shepro,
Michelle Esterman, Katie Brewer, Imelda Avalos**

108.    Plaintiffs adopts and incorporates  Background Facts; paragraphs 1-107 of this Complaint
as fully set forth herein.

109.    The defendants are essentially  Joseph Davila,  Glen  Messina  Michelle Esterman
William  Shepro, Donald Mullen, Katie Brewer, Imelda Avalos  are perverted sadist  white
collar criminal thugs – are  personally liable for  <u>punitive  damages</u>  as  willing participants
actors, orchestrators  in all the causes of  action listed  in this entire complaint in all the
counts including Class X Felony crime vandalism  -Exhibit  A

110.    The individual Defendants  named in this count  knowingly and wantonly engaged in
vicious , malicious  conduct described in foregoing counts which they knew their acts are
fraudulent , false  and deceptive and will be sued for damages for their  intentional,
venomous, vicious tort acts.

111.    As proximate  cause of such unlawful conduct   Plaintiffs suffered  damages due to the
malicious, wanton conduct including criminal conduct by  defendants  who willfully
committed the following acts:

      a)   Deliberately breached the  agreement per Exhibit 1 , and affirmed the breach

      b)   Transmitted  false data to credit bureaus with the sole purpose to damage the credit
          score and credit worthiness of Plaintiffs , knowing fully well such false information

to credit bureaus   would inflict  financial harm,  would cause  irreparable damage to Plaintiffs' credit rating  ;

c)  By misrepresented   Plaintiffs' insurer that the house was vacant, abandoned, knowing fully well it was not, and  caused Plaintiffs' insurer to cancel the coverage. The defendant felon and white collar criminal crook Joe Davila  indulged in this nasty job when the felon Davila was employed by defendant Altisource     Plaintiffs' homeowner's insurance coverage was reinstated after much aggravation , humiliation to  prove that Plaintiffs  are inhabitants of the  property by sending proof of electric bills, gas bills etc.;  and the payment of additional reinstatement fees. This was  made worse when  defendant felon and white collar criminal rook Joe Davila through Selene subsidiary defendant Altisource,  posted derogatory notice at the front door   that Property was vacant when  at a time defendant was sending statements every month and Homeowners- plaintiffs were making prompt payments every month and defendants were     receiving those payments ;

d)  fraudulently billed the "harassment vacant notice" as inspection  fees .This   total falsehood  was done deliberately when  defendants named here knew their malicious acts are crime under Illinois statute **735 ILCS 5/15-1104) (from Ch. 110, par. 15-1104)  Sec. 15-1104. Criminal act  of Wrongful Inducement of Abandonment.**

e)   Continued  to engage in conduct of a same or similar nature pertaining to  mortgage abuses despite  defendants were  hit with  a $2.1 Billion settlement pay out on law suits by 50 state attorney generals and the Federal Consumer Financial Protection Bureau. Group Exhibit X

f) The individual Defendants named here are felons with a " criminal business model" solely designed to defraud homeowners ; abuse the escrow accounts; drive the homeowners to false foreclosure, then put the property for "short sale" and "run with the money, equity ."

g) All the individual defendants named in this count are personally liable for punitive damages.

127. Plaintiffs are both physically and economically harmed. Physically, Plaintiffs' health is adversely impacted, and suffers from emotional anxiety and trauma over repeated threats on their home by defendants; Economically, Plaintiffs' credit rating totally, irreparably damaged to obtain new loans and Plaintiffs' ability to refinance with a lot lower interest rates of 2.5% were damaged; and suffered declination for credit cards, cancellation of existing credit cards due to defendants false consumer reporting to credit bureaus.

128. As articulated in the foregoing counts I through X , defendants carried out their despicable, vicious acts deliberately , maliciously to defraud the Plaintiffs, harass the Plaintiffs; extort an abandonment ; to steal the equity and run with the money with false foreclosure threats; threatened the lives and the property (Count VIII) to harm the Plaintiffs , to intimidate , stalk, harass the Plaintiffs. Such unconscionable, perverted, sadist deceptive and unfair practices undertaken deliberately to cause emotional distress and mental anguish to Plaintiffs; to viciously, maliciously destroy the tranquility and peaceable living of the Plaintiffs and their children.

129. The calculative criminal crooks Selene defendants driven by greed to rob the equity in the home built over 18 years of prompt mortgage payments for over $250000 with less than $100,000 left in the mortgage balance , indulged in deceptive, bad faith foreclosure tactics .

130.    The fraud business model and corporate greed for which defendants sued by all Fifty state
attorney general  found violating the settlement agreement  by the attorney generals -Exhibit 5
is more profitable and resumed ther white collar criminal tactics and mortgage abuses; viciously
indulged  in  such extortion tactics  to  force Plaintiffs to abandon their home like they have
done to scores of Homeowners, (Gr.Ex.X)  with false foreclosure , **all of which compels ,
mandates and qualify for  punitive damages .**

131.    As proximate cause of defendants' unlawful acts, Plaintiffs have  suffered  damages,
irreparable damages; lost the pleasures of life; waste enormous hours Plaintiffs' precious lives to
fight against the white collar criminal Selene defendants and Plaintiffs resolve to stand on their
ground and protect their legal rights; to take on the white collar criminal crooks and felons
Selene defendants


**WHEREFORE,**  plaintiffs  seek punitive damages in  excess of **FIVE  HUNDRED  MILLION
DOLLARS**  judgement in favor of the Plaintiffs and to be decided by a Jury; such  PUNITIVE
damages   entered collectively against each INDIVIDUAL DEFENDANTS   Joseph Davila, Glen
Messina, Michelle Esterman,   William Shepro,  Donald Mullen, Katie Brewer, Imelda Avalos
who are all willing actors, conspirators, players  involved in  this mortgage abuse , fraud,  and
false  foreclosure  scam and other causes of action narrated in this entire complaint in  all counts .
Each individual defendants  are all personally  responsible and liable for such intentional tort acts
to inflict injuries to plaintiffs, and seek such judgement in favor of the Plaintiffs , plus attorney
fees and costs  and such other relief as  the  court deems proper  and just.

## <u>CONCLUSION</u>

All the factual  elements of causes of  action pleaded in each count in the foregoing paragraphs , as well as additional facts and evidence Plaintiffs  will support at Trial, Plaintiffs are seeking a judgement entered for <span style="color:red">**FIFTY Million Dollars**</span> entered against  the Defendants Selene Finance L.P., Pretium partners , LLC;  Selene  Holdings  L.P ,  PHH Mortgage Corporation; Ocwen Financial Corporation ;  Ocwen Loan servicing LLC; Altisource LLC and  Punitive Damages of **FIVE HUNDRED MILLION DOLLARS** cumulatively against  the combined individual Defendants Joseph Davila, Glen Messina, Michelle Esterman,  William Shepro, Donald Mullen, Katie Brewer, Imelda Avalos who are all willing actors , players involved in  this expansive mortgage fraud scheme '  mortgage abuse, false  foreclosure  scam; theft of Plaintiffs payments.

Furthermore, based  upon the indisputable facts narrated  in the  foregoing paragraphs and reciting and referencing  those above causes of action pleaded in all counts-  in summary, Plaintiffs is seeking the following   relief:

a. Permanent  injunction  against the Selene defendants, more specifically, Selene Finance L.P and PHH  Mortgage corporation to cease immediately  any further continued threats of foreclosure ;

b. Enjoin  Selene  defendants ,  more specifically, Selene Finance L.P and PHH Mortgage corporation from  any future foreclosure threats, efforts or action against Plaintiffs' Property

c. An Order enjoining the Selene defendants    to cease  immediately  from  engaging in  conduct of  continue to place false data with credit bureaus;

d. An order that  Selene  defendants to retract immediately  all and every false, Derogatory, detrimental, negative and  incriminating  data planted with credit bureaus *retroactively* from   January 2017

e. Judgement in  an amount in *excess* of **FIFTY MILLION DOLLARS**  and  to be determined by a JURY

f. Punitive damages of  **FIVE HUNDRED AND FIFTY MILLION DOLLARS**  to be decided by a Jury  ;

g. Attorney fees and costs

h. Civil penalties  in view of pattern of egregious , deliberate, wanton abuse and misconduct by Selene defendants and in view of Public interest,    in line with  similar actions  taken by other states in the  Union, to bar, enjoin and impose permanent ban on Selene defendants   from procuring any new mortgages anywhere in the territory of United States of America , where already 28 states have **permanently** banned Selene white collar criminals and Selene defendants form doing any business in those states.

i. Any other award or relief that the Court deems equitable, fair  and just.

## <u>JURY DEMAND</u>

**Plaintiffs demands Trial by a TWELVE person jury on all counts.**


Respectfully Submitted,

By:  **/s/Roger Shekar**
**/s/ Pushpa Shekar**
**Plaintiffs**

December 20, 2024

Justice Clinic LLC
450 Plum Grove
P.O. Box 681085
Schaumburg, Il 60168-1085

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roger Shekar, Pushpa Shekar

**DEFENDANTS**
Selene Finance L.P., Joseph Davila, Donald Mullen, Selene Holdings LLC., PHH Mortgage Corporation , Pretium Partners LLC., Ocwen Lopan Servicing , Altisource, Ocwen Financial corpoation, Glen Messina, William Shepro, Michelle Esaterman, Katie Brewer, Imeldao Avalos, et.al

**(b)** County of Residence of First Listed Plaintiff     Cook
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Montgomery County , PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
c/o Justice Clinic LLP
P.O.Box 681085
Schaumburg, IL  60168-1085

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☑ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☑ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C Section 1332; diversity and damages exceeds $75000
Brief description of cause:
Breach of Mortgage contract, Civil damages for Breach, Fraud, Intentional Tort and other  causes as pleaded in the complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000,000
Punitive: 500,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
12/20/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/Roger Shekar, /s/Pushpa Shekar

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.