IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER SHEKAR** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-6794 |
| | : | |
| **SELENE FINANCE L.P.** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                           **March 21, 2025**

    A Chicago homeowner has been fighting his mortgage company and others since 2018 for misapplying his mortgage payments years ago. Our colleagues in Chicago dismissed these claims with prejudice five years ago. The district court and circuit judges banned him from entering the courthouses and filing these cases in the wider geographical Circuit due to his extreme misconduct. The court went so far as to dismiss cases by his family member when they found he used her name to pursue the same dismissed claims.

    A Pennsylvania mortgage servicer took over servicing his mortgage last year. And so here comes the Chicago homeowner with the same claims from years ago seeking to avoid the ban on his dismissed claims in Chicago. He now pro se sues the Pennsylvania mortgage company for the same conduct dismissed with prejudice against him several years ago in Chicago. He offers two federal claims against his current mortgage servicer arising under the Fair Credit Reporting Act and Truth in Lending Act. We allowed him to proceed without paying the filing fees after he swore to being indigent. But, upon the mandated screening, he does not plead a single fact allowing us to plausibly infer the Pennsylvania mortgage company violated a federal law since taking over this mortgage last year. We dismiss his unclear allegations without prejudice to timely amend with specific allegations as to how the Pennsylvania mortgage company is liable under federal law.

I.    **Alleged pro se facts and matters of public record**

Roger Shekar borrowed money and signed a mortgage pledging his home as security to a non-party financial institution in or before 2008. Non-party financial institutions and individuals began servicing Mr. Shekar's residential home mortgage at least as early as 2008.[1] Mr. Shekar sent multiple emails to the non-party servicers to close an escrow account associated with his mortgage and correct errors in his monthly statements in 2009, but they ignored his emails.[2] Mr. Shekar discovered the non-party mortgage servicers did not properly disburse escrowed tax dollars to the Cook County, Illinois government resulting in late fees to Mr. Shekar in August 2016.[3]

Mr. Shekar later demanded non-parties close his account and convert it to a "non-escrowed/de-escrowed" account (meaning taxes and insurance payments would not be included in Mr. Shekar's monthly mortgage payments).[4] These non-parties closed the escrow account in September 2016. Mr. Shekar would thereafter pay only the principal and interest each month, applied entirely to his outstanding mortgage balance.[5]

Non-parties later created a second, unauthorized escrow account in Mr. Shekar's name and diverted payments to the account.[6] The non-parties then labeled Mr. Shekar's monthly payments as "partial payments," assessed late fees, and labeled payments as "unapplied funds" and credited them to a "ghost" account.[7] Non-parties told Mr. Shekar's insurance company his home was vacant and posted notices on his front door, despite knowing Mr. Shekar received statements and had an insurance certificate on file.[8] Non-parties dispatched individuals—some with earlier felonies—to trespass onto his property by breaking his fence lock and attempting to break his doors.[9]

Some financial persons reported information about Mr. Shekar's mortgage to his insurance company, intending to extort Mr. Shekar to force him to buy expensive insurance.[10] Mr. Shekar's

insurance company eventually cancelled his policy.[11] Mr. Shekar, after much aggravation, reinstated his earlier, preferred insurance coverage.[12]

The financial persons continued to characterize Mr. Shekar's payments as "partial" after notice, refusing to correct his subsequent mortgage statements.[13] These financial persons accused Mr. Shekar of making "short payments," notifying consumer credit bureaus as a threat to fabricate foreclosure.[14] Mr. Shekar's credit score dropped over three hundred points within a year.[15] The financial persons then began sending notices to Mr. Shekar—accusing him of default and threatening foreclosure—while Mr. Shekar continued to make monthly payments.[16]

Mr. Shekar contacted a realtor to get his property appraised for its fair market value and listed the property for sale, but some financial persons listed Mr. Shekar's property as a foreclosure sale for $200,000 below the listed price.[17]

### Mr. Shekar sues Ocwen the first time

Mr. Shekar first sued Ocwen Loan Servicing LLC, associated corporate entities, and various individual defendants in the Circuit Court of Cook County, Illinois on February 2, 2018.[18] Mr. Shekar brought claims for breach of contract, refund of interest monies, tortious interference with an insurance carrier, defamation, and intentional infliction of emotional distress, and for violations of the Illinois Consumer Fraud and Deceptive Practices Act, the Illinois Fair Debt Collection Practices Act, and the Illinois Mortgage Escrow Account Act.[19] Mr. Shekar alleged similar facts to those alleged here.[20]

Ocwen removed the case to the United States District Court for the Northern District of Illinois on April 27, 2018.[21] Judge Coleman, after studying Ocwen's motion to dismiss, dismissed all claims with prejudice except for the breach of contract claim.[22] Judge Coleman later dismissed the surviving breach of contract claim with prejudice on January 29, 2020, observing: "Throughout

this and other lawsuits in this district, pro se plaintiff has shown a complete lack of respect for the court by engaging in inappropriate conduct, such as unfounded challenges to the court's authority, 'vitriol and frivolous accusations' about the court, and accusations that judges in this district, including the Chief Judge and former Chief Judge, have engaged in criminal activity. * * * For example, in his latest motion for recusal filed on January 27, 2020, plaintiff uses disparaging remarks about the race of court staff, makes the unfounded accusation that federal judges and their law clerks commit crimes, and calls the U.S. Marshals Service staff 'thugs' and 'criminals.' As a restricted filer in this district . . . plaintiff has been repeatedly warned that his extreme misconduct has consequences. As a sanction for plaintiff's repeated contumacious conduct, the Court dismisses this lawsuit with prejudice."[23]

### *Mr. Shekar sues Ocwen a second time*

Mr. Shekar sued Ocwen again in the Northern District of Illinois alleging nearly identical claims on November 26, 2019.[24] The Executive Committee of the Court entered an order restricting Mr. Shekar's filing "such that any documents he submits shall first be reviewed by the Executive Committee to determine whether they should be filed."[25] It further explained on January 15, 2019 an additional "Executive Committee order was entered, directing that Roger Shekar sign in upon arrival at the Dirksen U.S. Courthouse . . . or at the Stanley J. Roszkowski U.S. Courthouse . . . and be escorted by a representative of the U.S. Marshals Service at all times while he is present[.]"[26]The Executive Committee explained Mr. Shekar filing the present lawsuit violated these earlier Orders under which new complaints submitted by or on behalf of Mr. Shekar had to be reviewed by the Executive Committee first. After reviewing the Complaint, the Executive Committee denied Mr. Shekar leave to file the case.[27] The court dismissed Mr. Shekar and, after

4

some procedural back and forth, his co-plaintiff, Monica Shekar, continued to proceed.[28] Ms. Shekar voluntarily dismissed the Complaint a few months later.[29]

### Mr. Shekar sues Ocwen a third time

Mr. Shekar sued Ocwen and others again for alleged violations of the Real Estate Settlement Practices Act and the Truth in Lending Act and for slander of title in the Circuit Court of Cook County on December 12, 2019.[30] Defendants removed.[31] Judge Gettleman eventually dismissed this third case with prejudice because Mr. Shekar, who remained barred from filing, was pretending to be Ms. Shekar to continue his same filing practices.[32]

### Mr. Shekar sues Ocwen a fourth time here.

Pennsylvania entity Selene Finance L.P. started servicing Mr. Shekar's mortgage without notice to him in 2024.[33] Mr. Shekar then came to this Court. He sued Ocwen Loan Servicing, Selene Finance L.P., Selene Holdings LLC, Pretium Partners, LLC, PHH Mortgage Corporation, Altisource LLC, Ocwen Financial Corporation, Katie Brewer, Imelda Avalos, Glenn Messina, William Shepro, Michelle Esterman, Donald Mullen, and Joseph Davila here on December 20, 2024.[34] Mr. Shekar eventually chose to dismiss Ocwen Loan Servicing, Selene Holdings LLC, Pretium Partners, LLC, PHH Mortgage Corporation, Altisource LLC, Ocwen Financial Corporation, Katie Brewer, Imelda Avalos, Glenn Messina, William Shepro, Michelle Esterman, Donald Mullen, and Joseph Davila without prejudice.[35] Mr. Shekar now proceeds against only Selene Finance L.P. ("Selene L.P.").[36] We granted Mr. Shekar leave to proceed without paying filing fees based on his swearing of his financial indigency. Congress requires we now screen his allegations against Selene L.P. before issuing summons.

**II.    Analysis**

Mr. Shekar sues Selene L.P. for breach of contract; violations of the Federal Fair and Accurate Credit Report Act (which we construe as the Federal Fair and Accurate Credit Transactions Act, a statute amending the Fair Credit Reporting Act), the Fair Credit Reporting Act, the Truth in Lending Act, and the Illinois Mortgage Escrow Account Act; and claims under state law for a refund of insurance escrow, tortious interference with an insurance carrier, intentional infliction of emotional distress, defamation, defamation per se, slander of the title of real property, "statutory fraud in invoking the mortgage acceleration clause," and for "civil damages for Class X felony vandalism."[37] Mr. Shekar seeks damages of six hundred million dollars in the form of compensatory, consequential, and punitive damages and injunctive relief in the form of a permanent injunction against Selene L.P.[38]

Congress requires we screen his case now proceeding without paying filing fees before issuing summons.[39] We today screen Mr. Shekar's claims. We must dismiss the Complaint before issuing summons if we find Mr. Shekar's claims are frivolous or malicious, he does not state a claim on which relief may be granted, or he seeks monetary relief against immune persons.[40] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[41] Mr. Shekar can meet the Rule 12(b)(6) standard if he pleads a "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[42] We accept all facts in Mr. Shekar's Complaint as true and construe the facts in light most favorable to him.

We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings[.]"[43] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[44] But "pro se litigants still must allege

sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[45]

We dismiss Mr. Shekar's federal claims without prejudice to him amending his Complaint to plead a federal Fair Credit Reporting Act or Truth in Lending Act claim against Selene L.P. We decline to exercise supplemental jurisdiction over his state law claims absent a federal question.

### A. We dismiss all federal claims against Selene L.P.

Mr. Shekar alleges Selene L.P. violated the Fair Credit Reporting Act and the Truth in Lending Act. We dismiss all federal claims brought by Mr. Shekar without prejudice as he makes no factual allegations against Selene L.P. and he cannot impute the conduct of dismissed defendants to Selene L.P.; any such claims are barred by res judicata.

#### 1. Mr. Shekar's group-pleaded facts do not meet our pleading standards.

Mr. Shekar does not state a federal claim because he does not allege facts against Selene L.P. He instead groups all kinds of persons and entities together as "defendants" without identifying what any one entity or person specifically did under the Fair Credit Reporting Act or the Truth in Lending Act.

We cannot allow group pleading as offered by Mr. Shekar.[46] A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged."[47] When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct."[48] A complaint that contains "impermissibly vague group pleading" will be dismissed.[49] Mr. Shekar submits the same factual allegations against all Defendants. Mr. Shekar refers to them as "Selene Defendants," but this alone does not cure the lack of specific facts.[50] Mr. Shekar voluntarily dismissed all persons and entities other than Selene L.P. and so he must state a claim against Selene L.P. to proceed.

7

We take note of one judicially admitted fact: Mr. Shekar admits Selene L.P. did not service his mortgage until 2024.[51] Mr. Shekar does not allege activities by Selene L.P. other than Selene L.P. becoming his mortgage servicer without notice to him, a fact which he does not tie to either of his federal clams. Mr. Shekar must make specific factual allegations against Selene L.P. for behavior from 2024 to the present establishing a Fair Credit Reporting Act and/or Truth in Lending Act claim.

> **2. Mr. Shekar cannot bring claims involving past conduct because Selene L.P. did not service his mortgage until 2024 and Mr. Shekar's claims against dismissed entities or persons are barred by res judicata.**

Mr. Shekar cannot seek relief against Selene L.P. for events predating Selene L.P.'s involvement with his mortgage. Selene L.P. did not service his mortgage until last year. And all of Mr. Shekar's claims against Ocwen and associated non-parties are barred by res judicata.

We may apply the doctrine of res judicata when screening a complaint under 28 U.S.C. section 1915(e)(2)(B).[52] The doctrine of res judicata "precludes parties from contesting matters that they have had a full and fair opportunity to litigate."[53] It "protects against the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."[54]

"Res judicata bars a claim when the following factors are present: '(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action.'"[55]

Mr. Shekar is bound by the earlier judgment on the merits against him involving identical factual allegations and overlapping claims. Judge Coleman dismissed Mr. Shekar's 2018 Northern District of Illinois lawsuit against Ocwen and others with prejudice. A dismissal with prejudice "operates as an adjudication on the merits."[56] The same parties or privities factor is met as Mr. Shekar sued these entities in the original action, attempted to sue Ocwen and others here,

8

voluntarily dismissed Ocwen here, and now attempts to proceed against Selene L.P. alleging activities of Ocwen and others. And this case is based on the same cause of action as Mr. Shekar's 2018 Northern District of Illinois lawsuit because it involves overlapping claims—for example, breach of contract, tortious interference with an insurance carrier, defamation, and intentional infliction of emotional distress, and for violation of the Illinois Mortgage Escrow Account Act—and concerns the same underlying dispute about misuse of escrow accounts and resultant harm.[57]

Mr. Shekar also cannot proceed against Selene L.P. under a successor in interest theory through which he might attempt to attribute Ocwen's actions to Selene L.P. because Selene L.P. took over servicing his mortgage. Even if Mr. Shekar attempted to circumvent Selene L.P.'s lack of involvement in the alleged conduct by blaming Selene L.P. for Ocwen's actions, he would still be barred by res judicata because "successors in interest are bound by the decisions rendered against the prior holder of the rights."[58] In other words, res judicata bars relitigation of these claims against Ocwen even if Mr. Shekar attempts to sue a company later servicing his mortgage.

Mr. Shekar cannot proceed here unless he bases his facts on Selene L.P.'s actions as his mortgage servicer from 2024 to present.

**B. We decline to exercise supplemental jurisdiction over Mr. Shekar's remaining claims.**

Mr. Shekar does not presently plead a federal claim. Mr. Shekar also alleges a variety of Pennsylvania and Illinois state law claims, but in light of our dismissal of his federal claims, we lack subject matter jurisdiction over his state law claims unless we exercise our discretion to retain supplemental jurisdiction.

We may consider our supplemental jurisdiction sua sponte.[59] Congress allows us to exercise supplemental jurisdiction over state law claims where the state law claims "form part of the same case or controversy under Article III[.]"[60] But Congress empowers us to decline

9

exercising supplemental jurisdiction over state law claims if we dismissed "all claims over which [we] ha[ve] original jurisdiction."[61] We decline to exercise supplemental jurisdiction absent a federal question and dismiss Mr. Shekar's state law claims without prejudice.

## III.    Conclusion

We dismiss Mr. Shekar's federal claims without prejudice to him timely amending his complaint to plead a Fair Credit Reporting Act or Truth in Lending Act claim against Selene L.P. based on its conduct since servicing his mortgage over the past year. We decline to exercise supplemental jurisdiction over his state law claims and dismiss them without prejudice.

---

[1] ECF 1 ¶ 65.

[2] *Id.* ¶ 67.

[3] *Id.* ¶ 5.

[4] *Id.* ¶ 8.

[5] *Id.* ¶ 9, Exhibit 1.

[6] *Id.* ¶ 12.

[7] *Id.* ¶¶ 12, 13.

[8] *Id.* ¶¶ 15, 111(c).

[9] *Id.* ¶¶ 94–95.

[10] *Id.* ¶ 16.

[11] *Id.* ¶ 111(c).

[12] *Id.* ¶ 111(c).

[13] *Id.* ¶ 19

[14] *Id.* ¶¶ 20–21.

[15] *Id.* ¶ 22.

---

[16] *Id.* ¶ 23.

[17] *Id.* ¶¶ 99–101.

[18] *Shekar v. Ocwen Loan Servicing, LLC*, No. 18-3019, ECF 1 (N.D. Ill. Apr. 27, 2018).

[19] *Id.*, ECF 110.

[20] *Compare id.* ECF 1, *with* ECF 1.

[21] *Id.*

[22] *Shekar v. Ocwen Loan Servicing, LLC*, No. 18-3019, 2019 WL 5892574 (N.D. Ill. Nov. 12, 2019), *aff'd*, 848 F. App'x 216 (7th Cir. 2021).

[23] *Shekar*, No. 18-3019, ECF 181. The United States Court of Appeals for the Seventh Circuit affirmed the dismissal, holding: "After their suit against the company was removed to federal court, the Shekars filed a flurry of motions—seeking, among other things, remand of the case to state court and recusal of the district judge. When these efforts failed, they began harassing the court and opposing counsel, so the district court eventually dismissed the case as a sanction for abuse of the judicial process." *Shekar v. Ocwen Loan Servicing, LLC*, 848 F. App'x 216, 216 (7th Cir. 2021). The court of appeals further noted it had earlier imposed a filing bar against him in the Circuit for contempt of court; abusive filings; and threats to the court, its officers, opposing counsel, and expert witnesses. *Teledyne Techs., Inc. v. Shekar*, No. 17-2171 (7th Cir. July 10, 2019).

[24] *Shekar et al. v. Ocwen Loan Servicing LLC et al.*, No. 19-7812, ECF 1 (N.D. Ill. Nov. 26, 2019).

[25] *Id.*, ECF 4. The Executive Committee further explained the Court of Appeals for the Seventh Circuit entered an Order on July 10, 2019 directing, "[u]nless and until Shekar pays all outstanding filing fees and sanctions, the clerks of all federal courts in this circuit are directed to return untiled [sic] any papers submitted either directly or indirectly by him or on his behalf." *Id.* (first citing *In re City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); then citing *Support Sys. Intl, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)).

The Executive Committee is a committee "composed of the chief judge, the next district court judge eligible to be chief judge, four regular active judges of the Court, the chief magistrate judge, and the clerk of the Court" in the Northern District of Illinois which conducts the business of the court and handles disciplinary issues. N.D. Ill. IOP 02, https://www.ilnd.uscourts.gov/ViewRuleDetails.aspx?aqd9D9VmBc0=.

[26] *Shekar*, No. 19-7812, ECF 4.

[27] *Id.*

[28] *Id.*, ECF 5.

---

[29] *Id.*, ECF 23.

[30] *Shekar et al. v. PHH Mortg. Corp. et al.*, No. 1:20-837, ECF 1 (N.D. Ill. Feb. 5, 2020).

[31] *Id.*

[32] *Id.*, ECF 53 ("Based on the order of the executive committee of this court dated April 12, 2021 52 , this action is dismissed with prejudice. Civil case terminated.").

[33] ECF 1 ¶ 48.

[34] *Id.*

[35] ECFs 26, 27.

[36] ECF 27.

[37] Mr. Shekar sought punitive damages only against individuals in Count XI. ECF 1. We dismissed individual defendants. ECF 27. We dismissed Mr. Shekar's claims for punitive damages against individual defendants without prejudice to be pursued in state court.

[38] ECF 1 at 1–2.

[39] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[40] *Id.*

[41] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[43] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[44] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[45] *Id.* (quoting *Mala*, 704 F.3d at 245).

[46] *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012)).

[47] *Id.*

[48] *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

---

[49] *Id.*

[50] ECF 1.

[51] *Id.* ¶ 48.

[52] *See Kraft v. Phelan Hallihan Diamond & Jones PC*, No. 18-15525, 2021 WL 2767383, at *2 (D.N.J. Jul. 1, 2021) (collecting cases).

[53] *In re Smith*, 102 F.4th 643, 651 (3d Cir. 2024) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)) (cleaned up).

[54] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (cleaned up) (quoting *Montana*, 440 U.S. at 153–54) (cleaned up).

[55] *Kliesh v. Redevelopment Auth. of Bucks Cnty.*, No. 24-2283, 2024 WL 4799869, at *2 (3d Cir. Nov. 15, 2024) (quoting *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)).

[56] *Shekar v. Ocwen Loan Servicing, LLC*, No. 18-3019, ECF 181 (N.D. Ill. Jan. 29, 2020), *aff'd*, 848 F. App'x 216 (7th Cir. 2021); *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (quoting *Landon v. Hunt*, 977 F.2d 829, 832–33 (3d Cir. 1992)).

[57] *Compare Shekar*, No. 18-3019, ECF 1, *with* ECF 1.

[58] *Sun Sales Corp. v. Block Land, Inc.*, 456 F.2d 857, 861 (3d Cir. 1972); *see also Kellner v. Amazon, Officers, Dir's, & S'holders*, No. 22-01124, 2024 WL 4318769, at *5 (D.N.J. Sept. 26, 2024) ("Amazon may assert a res judicata defense based on the prior litigation involving its predecessor in interest.").

[59] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[60] 28 U.S.C. § 1367(a).

[61] *Id.* § 1367(c)(3); *cf. Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) (we must remand state law claims before us under section 1367 supplemental jurisdiction based on federal question where all federal claims have been dismissed from the case).